IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:10-CR-03090-DGK |
| | ) | |
| ULYSSES JONES, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER CONTINUING CASE

This criminal case was previously set for trial commencing September 19, 2016. On June 3, 2016, the Court held a conference call on the record with the parties. During the call, the Court reported that long-planned renovations at the Springfield courthouse would likely interfere with the trial. Due to the number of parties involved in scheduling the construction,[1] the Court had no firm date on when it would be completed. Since Defendant's health problems precluded moving the trial to Kansas City, it appeared increasingly likely that the trial would have to be reset. On its own motion, the Court proposed continuing the trial setting.

After discussing possible alternatives and the logistical problems stemming from Defendant's health problems, the Court and the parties agreed that the trial could not reasonably be held in the fall of 2016 and should be continued. Defendant did not object to an eighteen-month continuance. The Government expressed hope that the trial could be held next summer; attorneys for the Government asked to brief the issue of when the trial should be held after consulting their supervisors.

The Court now issues this written order continuing the case.

---

[1] The United States Courthouse in Springfield, Missouri, is not owned by the United States Government; it is rented from a private third party who has hired another third party to manage the property.

The Speedy Trial Act of 1974 requires the Court to commence the trial of a defendant within 70 days from the defendant's first appearance before a judicial officer of the court in which the charge is pending. In computing the 70-day time period, any period of delay resulting from a continuance is excludable if the court finds the ends of justice outweigh the best interest of the public and the defendant in a speedy trial.

The Court is not ordering this case be reset because of congestion of its calendar or because of any lack of diligence on the part of any of the attorneys. Rather, the Court finds that:

1. It would be unreasonable to expect the Springfield courthouse to be capable of hosting Defendant's seven-week capital murder trial in the fall of 2016. Holding the trial at the Springfield courthouse while construction was ongoing would distract the jury and deny Defendant his right to a fair trial or force the Court to declare a mistrial;

2. Because of Defendant's ongoing health needs, which include receiving dialysis three times a week, moving the trial to a location away from FMC Springfield, such as Kansas City, is not a viable option; therefore

3. The ends of justice served by continuing the trial date until after the fall of 2016 outweigh the best interest of the public and Defendant in a speedy trial.

It is therefore, ORDERED that this case is removed from its current setting of September 19, 2016. Once the Court has a date certain by which construction will be complete, it will confer with the parties and set a new trial date.

**IT IS SO ORDERED.**

Date:  June 10, 2016                         /s/ Greg Kays
                                             GREG KAYS, CHIEF JUDGE
                                             UNITED STATES DISTRICT COURT