# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| United States of America, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action Number |
| | ) | 10-03090-01-CR-S-DGK |
| Ulysses Jones, Jr., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant Ulysses Jones, Jr. ("Jones") has been charged in a superceding indictment [Doc. 38] with committing the murder of Timothy Baker on January 9, 2006, within the special maritime and territorial jurisdiction of the United States, specifically the United States Medical Center for Federal Prisoners in Springfield, Missouri (a federal Bureau of Prisons facility). The superceding indictment sets forth certain "special findings" made pursuant to 18 U.S.C. §§ 3591, 3592(c), and, in that regard, the Government has filed an AMENDED NOTICE OF INTENT TO SEEK DEATH PENALTY [Doc. 102] for Jones pursuant to 18 U.S.C. § 3593(a).

On December 7, 2016, attorneys representing Jones filed DEFENSE COUNSEL'S REQUEST FOR A DETERMINATION OF MENTAL COMPETENCY OF THE DEFENDANT [Doc. 226], alleging that Jones:

> suffers from major cognitive impairments, brought about by a combination of medical and mental ailments and limitations that render him mentally incompetent to the extent that he is unable to fully understand and appreciate the complex nature of these proceedings against him and to assist properly in the defense against this capital prosecution.

On December 13, 2016, the Court granted the motion and ordered:

> [Jones] be committed to a suitable facility . . . to undergo a psychiatric examination . . . to be conducted by a licensed or certified psychiatrist or psychologist employed by the institution to determine whether [Jones] is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that [Jones] is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Doc. 230. Beginning July 24, and 26, 2017, the undersigned held a hearing on the motion challenging Jones' competency to stand trial. Jones was present and was represented by his counsel, Shane P. Cantin and Thomas D. Carver with Carver, Cantin & Mynarich, LLC. The government was represented by James D. Peterson, a Trial Attorney in the Capital Case Section of the U.S. Department of Justice's Criminal Division, and Assistant United States Attorney Randy Eggert. At the hearing, five witnesses testified: Dr. Ruediger Lehrich, Dr. Stacey Wood, Dr. Tracy O'Connor Pennuto, Dr. Kristina Lloyd, and Dr. Scott Moose. Additionally, the following exhibits were admitted into evidence:

| Number | Description |
| --- | --- |
| Def't Ex. A | Lehrich report (2017) |
| Def't Ex. B | Volume status and serum urea |
| Def't Ex. C | Lehrich declaration |
| Def't Ex. D | Lehrich (2015) |
| Def't Ex. E | Wood competency report |
| Def't Ex. G | Wood CV |
| Def't Ex. H | Wood testimony from *Atkins* hearing |
| Def't Ex. I | Reschly testimony from *Atkins* hearing |
| Def't Ex. J | Denney report from *Atkins* hearing |
| Def't Ex. K | Moose memorandum |
| Def't Ex. L | Lehrich CV |
| Gov't Ex. 1 | Wood report (2014) |
| Gov't Ex. 2 | FIT-R competency test |
| Gov't Ex. 3 | Pennuto CV |
| Gov't Ex. 4 | Lloyd CV |
| Gov't Ex. 5 | Moose CV |
| Gov't Ex. 6 | 2017 competency report |
| Gov't Ex. 7 | Miscellaneous medical records |
| Gov't Ex. 8 | Anderson testimony from *Atkins* hearing |

# I. OVERVIEW

In American jurisprudence, "[i]t has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Drope v. Missouri*, 420 U.S. 162, 170, 95 S.Ct. 896, 903 (1975). To that end, with regard to federal criminal cases, courts have adopted "a test of incompetence which seeks to ascertain whether a criminal defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him.'" *Id.* at 172, 95 S.Ct. at 904 (*quoting*, *in part*, *Dusky v. United States*, 362 U.S. 402, 402, 80 S.Ct. 788, 789 (1960)). In addition, Congress has enacted statutory guidance for the procedures to be followed in determining a criminal defendant's competence to stand trial. 18 U.S.C. § 4241.

> A district court must first determine, by a preponderance of the evidence, whether the defendant suffers from a 'mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

*United States v. Ferro*, 321 F.3d 756, 760 (8th Cir. 2003) (*quoting*, *in part*, 18 U.S.C. § 4241 (a), (d)).

# II. RELEVANT FACTS

## A. GENERAL BACKGROUND

Jones is an African American male, who is presently 60 years old. In addition to his kidney health issues (discussed below), Jones has a history of intellectual disability, brain injury following a fall in 2007, carpal tunnel syndrome, and degenerative disease of the cervical spine. Jones is the middle child of three whose parents divorced when he was young. Jones left formal schooling after the 7th grade, but completed a GED while incarcerated.

## B. MEDICAL TESTIMONY OFFERED BY JONES

Dr. Ruediger Lehrich, a board certified nephrologist, saw Jones in 2015 and again in 2017 and examined Jones' medical records. Tr. at 8-10, 52. Dr. Lehrich concluded that Jones is suffering from end stage renal failure. Tr. at 11, 43. End stage renal failure is a condition where the native kidneys fail to an extent that life can be sustained only through dialysis or an organ transplant. Tr. 11. Jones receives regular dialysis through the Bureau of Prisons and has received the treatment since 1987. Tr. 55-56.

According to Dr. Lehrich dialysis treatment affects an individual's cognitive functioning, although Dr. Lehrich admitted that he was "by no means an expert on cognitive impairment." Tr. at 32-33, 51. Based on studies reviewed by Dr. Lehrich, an individual undergoing dialysis for end stage renal failure, who is in Jones' age group, and who is an African American "has a similar decline in cognitive function [as] a patient who is 85 years old." Tr. at 36.

In addition, Dr. Lehrich noted that it is common for patients with end stage renal failure to experience nerve pain. Tr. 46. In that regard (as well Jones' degenerative disease of the cervical spine), Jones was regularly prescribed pain medications that Dr. Lehrich testified can "have an effect on a person's alertness." Tr. at 48.

Dr. Stacey Wood, a psychologist, has focused her research on the neuropsychology of decision-making in older adults, examining how cognitive changes impact how people make decisions as they age. Tr. at 105-06. Dr. Wood saw Jones in 2014 and 2017, the latter time to provide an assessment on Jones' competency. Tr. at 11. Dr. Wood testified that she "observed a fluctuating mental state" in Jones. Tr. at 124. To that end, Dr. Wood thought that:

> [Jones'] ability to engage in his defense may be stronger or weaker depending on these fluctuations.

4

Tr. 125. Nonetheless, Dr. Wood testified:

> In general, overall, I find [Jones] to be competent to proceed. And I base that on the following elements: First, he does have a good factual base. He's been involved in the system for a long time. So he does understand the basics of the procedures. The area that may be more questionable is relating to assisting. When I probed him, though, regarding his ability to work with his attorneys, trust them, his responses indicated a cooperative attitude. . . . [O]n balance I found [Jones] competent to proceed, . . . on the condition that he's medically stable.

Tr. at 127-28.

### C. MEDICAL TESTIMONY OFFERED BY THE GOVERNMENT

Dr. Tracy O'Connor Pennuto, a clinical neuropsychologist with the Bureau of Prisons, performed a neuropsychological evaluation of Jones as part of the court-ordered psychiatric examination. Tr. 165-66. The evaluation was conducted over two days and took about two hours and 15 minutes. Tr. at 173. Dr. Kristina Lloyd, a board certified forensic psychologist with the Bureau of Prisons, reviewed Jones medical records, interviewed his attending physician, talked with BOP staff in Jones' housing unit, and interviewed Jones on 5 occasions. Tr. at 227-28. Both Dr. Pennuto and Dr. Lloyd testified that Jones is competent to stand trial. Tr. at 168-69, 228-29. Together Dr. Pennuto and Dr. Lloyd also co-authored a competency report.

The competency report [Gov't Ex. 6], in addition to behavioral observations of Jones, was based on several administered tests: Wide Range Achievement Test-4, Wechsler Adult Intelligence Scale-IV, Stroop Color and Word Test, Symbol Digit Modalities Test, California Verbal Learning Test-II-Alternate Version, Wechsler Memory Scale-IV, Multilingual Aphasia Examination, and Revised Competency Assessment Instrument. In addition, the report considered an extensive review of Jones' medical records and prior evaluations performed Dr. Lehrich, Dr. Wood, Dr. Daniel Reschly, and Dr. Robert L. Denney.

Dr. Pennuto and Dr. Lloyd's report diagnosed Jones with "antisocial personality disorder" and "mild neurocognitive disorder due to multiple etiologies." However, the report concluded that Jones "does not currently suffer from a mental disease or defect that would preclude him proceeding to trial." Jones' mild neurocognitive disorder "does not affect his functional competency skills." The report finds that "Jones is competent to stand trial and ready to proceed." With regard to this report, the Court specifically finds that it meets all the requirements of 18 U.S.C. § 4247(c).

## IV. DISCUSSION

Without question, a criminal "defendant has a due process right not to be convicted while incompetent and to have his competence determined in an evidentiary hearing." *United States v. Mueller,* 661 F.3d 338, 352 (8th Cir. 2011) (*quoting United States v. Long Crow,* 37 F.3d 1319, 1325 (8th Cir. 1994)). *See also United States v. Casteel,* 717 F.3d 635, 640-41 (8th Cir. 2013) ("A conviction of an incompetent person is a violation of due process."). However, a defendant is competent to stand trial or face sentencing if he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him. *United States v. Dahl,* 807 F.3d 900, 904 (8th Cir. 2015). *See also United States v. Ghane*, 490 F.3d 1036, 1040 (8th Cir. 2007) ("A defendant is mentally incompetent to stand trial if a preponderance of the evidence indicates that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."). In resolving the competency issue, the Court may consider "numerous factors, 'including expert medical opinions and the court's observations of the defendant's demeanor.'" *Id.* (quoting *United States v. Robinson,* 253 F.3d 1065, 1067 (8th Cir. 2001)).

An initial question in resolving any motion before the Court is which party bears the burden of proof. In *United States v. Whittington,* 586 F.3d 613 (8th Cir. 2009), the Eighth Circuit noted a split among the circuits on this issue. As explained by the Eighth Circuit, the Fourth and Tenth Circuits place the burden of proof on the defendant to prove incompetence, while the Third, Fifth, Seventh, and Ninth Circuits place the burden of proof on the Government to prove competence. *Id.* at 617. The Eleventh Circuit has taken the position that the burden falls on the party making the motion to determine competency, while the Second Circuit has declined to reach the issue, noting that "the allocation of the burden of proof to the defendant will affect competency determinations only in a narrow class of cases where the evidence is in equipoise." *Id.* at 618.[1] While noting that "[t]he guidance of the Supreme Court, and the recent precedent of this circuit, support the government's position that the burden is on the defendant to prove incompetence by a preponderance of the evidence," the *Whittington* court concluded that it "need not address the burden of proof issue further because we conclude the district court's finding of competency in this case did not depend upon the allocation of the burden of proof." *Id.* However, in a post-*Whittington* case – *United States v. Mueller*, 661 F.3d 338 (8th Cir. 2011) – the Eighth Circuit stated unequivocally that "[t]he burden rests with the defendant to demonstrate that he was not competent to stand trial." *Id.* at 352 (*quoting United States v. Denton,* 434 F.3d 1104, 1112 (8th Cir. 2006)). That lack of ambiguity also can be found in pre *Whittington* cases from the Eighth Circuit. *See, e.g., United States v. Jimenez-Villasenor,* 270 F.3d 554, 559 (8th Cir. 2001) ("The burden of persuasion rests with [the defendant] to show that he was incompetent to stand trial by a preponderance of the evidence.").

---

[1] While these is some disagreement about which party bears the burden of proof, there is unanimity that the necessary quantum of proof is "by a preponderance of the evidence."

7

The Court is not aware of any Eighth Circuit case which definitively places the burden of proof regarding competency on the Government, notwithstanding the fact that a majority of other federal circuits place the burden of proof on the government to prove competency. As such, the Court is bound by controlling Eighth Circuit precedent as set out in Mueller that "the burden rests with the defendant to demonstrate that he was not competent to stand trial."[2] *Mueller,* 661 F.3d 338, 352.

Turning to the two first prongs of the competency test, there was general agreement among the experts for both parties that Jones is competent to stand trial. These opinions are consistent with the objective testing and the Court's own observations. As to the first prong, Jones has a factual understanding of the proceedings against him, Jones understands the current criminal charge and the potential penalty which may be imposed if he is convicted, and Jones generally understands court procedures. As to the second prong, while Jones has some intellectual deficits and diagnosed mental disorders, the Court finds that Jones is able to "assist properly in his defense." Certainly, "[a] defendant's mental health is a fact to be considered in determining whether reasonable cause to doubt competency exists, but '[p]resence of a mental illness does not equate with incompetency.'" *United States v. Rickert*, 685 F.3d 760, 766 (8th Cir. 2012) (defendant diagnosed with bipolar disorder, schizophrenia, and acute anxiety disorder not necessarily incompetent).

It is well-settled that a Court may choose one expert's opinion over a competing qualified expert's opinion." *Ghane*, 593 F.3d at 781. In this case, of course, there is consensus between the experts that Jones is competent, but the Court is mindful that "it is not the opinion itself that

---

[2] In this case, however, the Court would specifically note that it would have reached the same decision on Jones' competency to stand trial even if the burden of proof had been on the government.

is important, but the rationale underlying it." *Id*. The rationale underlying the opinions of the experts as testified to and, in particular, as detailed in the competency report of Dr. Pennuto and Dr. Lloyd are persuasive. Therefore in accordance with the following discussion, it is

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an order finding by a preponderance of the evidence pursuant to the Due Process Clause of the United States Constitution and 18 U.S.C. § 4241 that Jones is competent to stand trial and assist in his defense.

Counsel are reminded that each has 14 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

                */s/ John T. Maughmer*
                **John T. Maughmer**
              **United States Magistrate Judge**