# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 6:10-CR-03090-DGK |
| ) | |
| ULYSSES JONES, JR., ) | |
| ) | |
| Defendant. ) | |

## ORDER CONCERNING VOIR DIRE ON DEFENDANT'S CRIMINAL CONVICTIONS

The Court previously directed the parties to brief when and how, if at all, the venire should be questioned regarding Defendant's prior convictions. After carefully considering the parties' responses (Docs. 331, 338), the Court finds that the statement[1] given to perspective jurors on page 14 of the juror questionnaire is probably sufficient. However, to be certain that no juror is seated who would automatically vote for the death penalty or refuse to consider mitigating evidence because of Defendant's prior murder convictions, consistent with *Morgan v. Illinois*, 504 U.S. 719, 726-27 (1992), the Court will ask two questions:

---

[1] The most relevant portion of the statement reads as follows:

> In this case, the jury will hear that Ulysses Jones is serving life sentences for his involvement in homicides for which he was convicted in 1979, 1980, and 1983. If the jury determines that Ulysses Jones is guilty beyond a reasonable doubt of the first-degree murder of Timothy Baker, your jury service will not be over. The same jury must also decide, at a second sentencing trial, whether or not Mr. Jones will be sentenced to life imprisonment without the possibility of release or death. In the federal system there is no parole and if a defendant is sentenced to life imprisonment he will spend the rest of his life in prison and never be released.
>
> The questions in this section are not meant to imply that Mr. Jones is guilty or that you will, in fact, be called upon to decide punishment in this case. In a case where jurors may have to consider lifetime incarceration and death as possible punishments, it is important that we know your opinions and feelings regarding punishment.

1.      If Mr. Jones is found guilty of the first-degree murder of Mr. Baker, then this case would proceed to the penalty phase where you would consider punishment.  At this point, you would consider aggravating and mitigating circumstances.  As you may recall, mitigating circumstances are circumstances about the crime, the characteristics of the defendant, or anything else that would suggest that life imprisonment without the possibility of release is the appropriate punishment.  Would you automatically refuse to consider mitigating circumstances, despite the applicable law, because Mr. Jones has been previously convicted in three separate murder cases?

2.      Would you automatically vote for the death penalty because Mr. Jones has been previously convicted for his involvement in three separate murder cases?

The Court will not ask any of the other questions proffered by the parties in their briefs. If either party would like to ask any of these suggested questions during their "follow-up" time during voir dire, they shall first seek leave of Court out of the jury's hearing.

**IT IS SO ORDERED.**

Date:  August 28, 2017              /s/ Greg Kays
                                    GREG KAYS, CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT