IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:10-CR-03090-DGK |
| | ) | |
| ULYSSES JONES, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING INDEFINITE STAY BASED ON PHYSICAL INCOMPETENCE, AND TAKING REQUEST TO LIMIT THE TRIAL SCHEDULE UNDER ADVISEMENT**

Now before the Court is Defendant's Motion for Indefinite Stay Based on Physical Incompetence, or in the Alternative, for Pretrial Determination of Medically Appropriate Trial Schedule and Request for Evidentiary Hearing (Doc. 186). Defendant contends that because of the overlapping effects of age, cognitive impairments, physical disabilities,[1] and medical treatment,[2] Defendant is not competent to participate in a multi-week trial. Alternately, Defendant requests the Court significantly alter and limit the trial schedule so that he will be able to receive his medical treatment and medications in a manner that will allow him sufficient time to rest and recover before the next day's testimony. Defendant also requests the Court hear evidence and testimony before making a final determination on these issues. Defendant is particularly concerned that in addition to the anticipated full day of testimony on Monday, Wednesday, and Friday, the Government is seeking to alter Defendant's dialysis schedule to an

---

[1] Defendant's physical medical problems include, but are not limited to: end stage renal disease, hypertension (which is at times uncontrolled), advanced bilateral carpal tunnel syndrome in both hands, dizziness, severe pain, and fatigue.

[2] In addition to receiving dialysis treatment three times a week for the last thirty years, Defendant takes a variety of medications, including, but not limited to: acetaminophen, amitriptyline, aspirin, a fentanyl patch every three days for severe pain, and several medications for constipation due to the side effects of his end stage renal disease and dialysis treatment.

evening schedule on Tuesday, Thursday, and Saturday, so that trial can be held for a half day on Tuesday and Thursday mornings.

The Court finds Defendant's claim that he is completely physically incapable of enduring a multi-week trial, even if the trial schedule is limited to Monday, Wednesday, and Friday, to be meritless. Although Defendant obviously has significant medical problems, nothing in the record supports the assertion he cannot endure a trial at all. At best, the testimony of Defendant's retained expert, Dr. Ruediger Lehrich, in the recent competency hearing suggests that fatigue and prolonged recovery time from dialysis might impede Defendant's ability to meaningfully participate in his trial if it were held more than three days a week.

The Court notes that in April it held a four-day *Atkins* hearing over a two-week period, from approximately 9:00 a.m. to 5:00 p.m. on Monday, Wednesday, and Friday, with no court being held on Tuesday or Thursday. The Court adopted this schedule so Defendant could receive dialysis treatment and rest on Tuesday, Thursday, and Saturday. This schedule worked well and there were no problems, and nothing in the record suggests Defendant's condition has significantly worsened since then. In late July of this year, Defendant attended a two-day competency hearing in Springfield, Missouri, in-person and without incident. Granted, Defendant closed his eyes for periods of time during both hearings, but he never seemed to be sleeping or unaware of what was happening. It appears Defendant was simply disinterested during portions of the hearings, which is not uncommon.[3] At other times, such as when dialysis technician Nickole Anderson appeared (a person Defendant likes), Defendant was alert and attentive. Indeed, the Court notes that just after the hearing ended on the fourth day, when Defendant should have been the most fatigued, the Court permitted Defendant to speak with his

---

[3] In the Court's experience, a perfectly healthy defendant will occasionally close his eyes and "tune-out," or even take a nap, during a trial or hearing because he or she is bored with the proceedings.

2

cousins by video link. Far from being lethargic or fatigued, Defendant was animated and engaged.

Consequently, the Court denies Defendant's motion for an indefinite stay of the trial. The Court takes the portion of the motion asking the Court to significantly limit the trial schedule under advisement. The Court will discuss the issue of the trial schedule with the parties during the pretrial conference.

**IT IS SO ORDERED.**

Date: September 11, 2017 /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT