# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:10-CR-03090-DGK |
| | ) | |
| ULYSSES JONES, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON JURY SELECTION PROCEDURES AND
## DAILY TRIAL SCHEDULE

Now before the Court are Defendant's Proposed Jury-Selection Procedure seeking individual voir dire (Doc. 299), and the Government's Motion Under Federal Rule of Evidence 611 for Abbreviated Trial Schedule (Doc. 359). After carefully considering the parties' arguments and all the evidence in the record, including various affidavits, exhibits, and hearing testimony, the Court DENIES Defendant's motion and GRANTS IN PART the Government's motion for the following reasons.

**I.  Jury Selection**

Plaintiff argues conducting mandatory, individualized voir dire of every member of the venire panel is a critical component to assuring Defendant a fair trial, and that it can be performed in a timely and efficient manner. The Court finds conducting individualized voir dire on such a scale is neither necessary to obtain an impartial jury in this case nor desirable because it would inordinately prolong the jury selection process. The Court will, however, use individualized voir dire where appropriate; for example, where a prospective juror indicates he or she would be more comfortable discussing his or her answer in private. The Court will also

explain to the venire panel at the beginning of the jury selection process that they may answer in private if they would feel more comfortable.

The Court will conduct jury selection as follows.

1. After the parties respond to the pending motions to strike jurors for cause (Docs. 348, 349), the Court will rule promptly on the motions.

2. The remaining prospective jurors will be divided into groups of approximately 40. The first group will be brought in Monday morning, September 25 at no later than 9:00 a.m. The second group will be brought in Monday afternoon at 1:30 p.m. The third group will be brought in Wednesday morning at 9:00 a.m. The fourth group will be brought in Wednesday afternoon at 1:30 p.m. A subsequent group will be brought in if necessary.

3. The Court will conduct general voir dire on each group of 40. As part of this process, the Court will provide an overview of how voir dire works, explain the general legal concepts involved in this case (including the possibility of the death sentence and how aggravating and mitigation factors are considered), and then conduct a general voir dire. This general voir dire will cover issues on which more individualized voir dire is unnecessary, such as hardships, pretrial publicity, general bias, and prior contact with Defendant, attorneys, witnesses, and court personnel.

4. After the general voir dire is complete, prospective jurors will be brought back to the courtroom in groups of 12-14 for individual questioning on the answers in their questionnaires and views on the death penalty.

5. The Court will conduct most of this questioning. After the Court is finished asking questions, one attorney from each side will be given a limited opportunity to ask additional questions of these individuals.

6. Once this questioning is complete, these jurors will be excused and challenges for cause will be made and argued. Each prospective juror who is not excused for cause will remain eligible for jury service.

7. Steps 4 through 6 will be repeated until all 40 jurors have been excused or qualified. The Court anticipates this process will be complete by approximately 1:00 p.m.

8. At 1:30 p.m., or as soon as possible thereafter, the Court will repeat the process will the second group. If the process is not complete by 5:30 p.m., the Court will adjourn and reconvene Tuesday morning at 9:00 a.m., at which time it will continue until the process is complete.

9. On Wednesday, the Court will repeat steps 4 through 8 with the third and fourth groups, or until 60 jurors have been qualified. If the process is not complete by 5:30 p.m., the Court will adjourn and reconvene Thursday morning at 9:00 a.m., at which time it will continue until the process is complete.

10. Once 60 jurors have been qualified, the Court will take a thirty minute break and then begin peremptory challenges. The petit jury will be drawn from the 52 lowest numbered jurors remaining. The parties shall exchange strikes in a timely fashion until all peremptory strikes are exhausted. Each party may strike any juror in any part of this 52 member juror pool. Each party may exercise a maximum of 20 strikes. Peremptory strikes not used in picking the petit jury may not be "carried over" to be used in selecting alternate jurors.

11. Once a 12 person petit jury is selected, the parties will immediately begin the process of selecting three alternate jurors. Each party will have two strikes from the pool of eight perspective alternate jurors, utilizing the same process used in selecting the main panel.

12. The Court expects to administer the jurors their oath at 9:00 a.m. on Friday, September 29, and then proceed with opening statements and the presentation of evidence immediately thereafter.

## II. Trial Schedule

The Court has carefully considered all the evidence in the record concerning Defendant's mental and physical health, particularly as it relates to his competency to stand trial and ability to meaningfully participate in his trial. Pursuant to its authority under Federal Rule of Evidence 611, the Court orders the following trial schedule:

On Monday, Wednesday, and Fridays trial will begin no later than 9:00 a.m. and adjourn for the day at approximately 4:30 p.m. The Court will take a fifteen-minute morning recess at approximately 10:30 a.m.; a one-hour lunch recess at approximately noon, and a fifteen-minute afternoon recess sometime between 2:30 and 3:00 p.m. Immediately after adjournment on Monday, Wednesday, and Fridays, defense counsel shall have at least thirty minutes to meet with their client. The Court is shortening the trial day on Monday, Wednesday, and Fridays to ensure that defense counsel have at least 30 minutes to meet with their client at the end of the day.

On Tuesday and Thursdays, trial will begin no later than 9:00 a.m. and adjourn for the day at approximately noon. The Court will take a fifteen-minute morning recess at approximately 10:30 a.m. Once the Court adjourns for the day, Defendant will be returned promptly to the United States Medical Center for Federal Prisoners in Springfield, Missouri (USMCFP) for dialysis treatment.

The trial schedule, and particularly the frequency and timing of the daily breaks, are subject to changes in Defendant's medical condition. The Court ORDERS USMCFP to monitor Defendant's medical condition closely and to provide the Court, defense counsel, and counsel for

the Government with daily updates on Defendant's medical condition. The Court will alter the daily trial schedule as appropriate.

Finally, the parties should be in the courtroom at 8:00 a.m. on the first day of jury selection, September 25, and on the first day of trial, September 29.

The parties should be in the courtroom no later than 8:30 a.m. on all other days in order to take up any matters that need to be addressed before the jury is brought in at 9:00 a.m.

**IT IS SO ORDERED.**

Date:  September 13, 2017  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT