IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:10-CR-03090-DGK |
| | ) | |
| ULYSSES JONES, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON GOVERNMENT'S MOTIONS IN LIMINE

Pending before the Court are five Government motions *in limine*: The Government's First Motion in Limine to Preclude "Proportionality" Evidence and Argument (Doc. 169); the Government's Second Motion in Limine to Preclude "Mercy" Instruction (Doc. 292); the Government's Third Motion in Limine to Preclude Capital Punishment Opinion Evidence (Doc. 293); the Government's Fourth Motion in Limine to Preclude Residual Doubt Argument (Doc. 294); and the Government's Motion in Limine in Response to Defense Disclosures (Doc. 341).

After carefully considering the parties' arguments, the Court rules as follows.

**1.    The motion to exclude "proportionality" evidence and argument is GRANTED.**

In the event this case reaches a penalty phase, the Government moves to preclude Defendant from introducing evidence or arguing that the death sentence should not be imposed because the facts surrounding Timothy Baker's murder are less egregious than those in other cases where a death sentence was not imposed.

The Court holds that comparative proportionality evidence is not proper mitigation evidence. The Court also holds the probative value of such evidence or argument is outweighed by the danger of creating unfair prejudice, confusing the issues, and misleading the jury because

introducing such evidence will inevitably result in mini-trials debating the facts of past death penalty cases. *United States v. Umana*, No. 3:08CR134-RJC, 2010 WL 1740487, at *4 (W.D.N.C. Apr. 28, 2010) (rejecting mitigation factors that would amount to proportionality review because evidence was "irrelevant to [the defendant's] character or the circumstances of the offense, and is likely to confuse and mislead the jury"). The Court also notes a sister court in this district precluded such evidence in a recent capital murder trial. *See United States v. Coonce, et al.*, No. 10-3029-02-CR-S-GAF, (W.D. Mo. Mar. 12, 2014), ECF No. 558.

The motion is GRANTED.

**2.     The motion to preclude a "mercy" instruction is TAKEN UNDER ADVISEMENT.**

In its second motion in limine, the Government moves to preclude Defendant from offering a so-called "mercy" instruction; that is, an instruction advising the jury that regardless of its findings with respect to aggravating and mitigating factors, it is never required to impose a death sentence. The Government objects to any instruction that the jury may disregard the aggravating and mitigating factors analysis and impose a sentence less than that justified by their deliberations.

Defendant responds by acknowledging that the Eighth Circuit held a district court did not abuse its discretion in declining to give a mercy instruction, the Supreme Court affirmed a case in which a similar jury instruction was purportedly used. *See United States v. Allen*, 247 F.3d 741, 780 (8th Cir. 2001). Defendant also notes that a district court in the Western District of Tennessee that gave a mercy instruction noted several other cases where mercy instructions were given, and that none of these instructions were reversed on appeal. *See United States v. Hayes*, 265 F. Supp. 2d 914, 923 (W.D. Tenn. 2003). Defendant also argues the Court should decline to

rule on the propriety of giving a mercy instruction until after a specific, proposed instruction is submitted for the Court's consideration.

Although the Court is skeptical of any instruction that would suggest the jury could disregard the aggravating and mitigating factors analysis, the Court declines to rule on this motion in limine until a specific proposed instruction is filed.

**3.     The motion to exclude opinion evidence about the death penalty is GRANTED.**

The Government moves to preclude any defense witness from expressing his or her opinion as to an appropriate sentence, requesting Defendant not be given a death sentence, or providing a non-expert opinion about how Defendant will conduct himself in prison in the future.

Such evidence is inadmissible. *See Bosse v. Oklahoma*, 137 S. Ct. 1, 1 (2016). Accordingly, the motion is GRANTED. Should this case reach the penalty phase, no witness called by either party shall express an opinion as to an appropriate sentence.

**4.     The motion to preclude residual doubt argument is GRANTED.**

The Government moves the Court to refuse any "residual doubt" instruction, and to preclude Defendant from arguing residual doubt or attempting to discuss the topic during voir dire. Defendant argues that denying him a residual doubt instruction violates his Eighth Amendment rights and the death penalty mitigation statute, 18 U.S.C. § 3592(a). Defendant notes federal courts in other districts in other death penalty cases have given such instructions, and denying him one frustrates the uniform application of the law.

The Court notes that as the law currently stands, even if the Court is authorized to give such an instruction, it is certainly not required to do so upon request. *See United States v. Rodriguez*, 581 F.3d 775, 815 (8th Cir. 2009) ("Residual doubt is not a mitigating circumstance of the defendant or of the offense. . . . Section 3592(a) does not require a district court to grant

such an instruction at sentencing, and the district court here did not abuse its discretion by rejecting Rodriguez's request."); *see also Coonce*, No. 10-3029-02-CR-S-GAF, ECF No. 569 (relying on *United States v. Rodriguez*). Giving such an instruction in this case makes no sense. There is no suggestion here that Timothy Baker died an accidental death, or that Defendant's prosecution is the result of mistaken identity.[1]

Consequently, the motion is GRANTED. Defendant is precluded from discussing or arguing residual doubt at any point in the trial without first approaching the Court out of the presence of the jury.

**5.     The motion in response to defense disclosures is GRANTED.**

Finally, in its most recent motion in limine, the Government moves to prohibit Defendant from: (1) presenting unsworn allocution evidence before a sentencing jury; (2) informing the jury of a failure to agree to a sentencing verdict; and (3) presenting evidence or argument concerning the housing of third-party inmates or the housing conditions at facilities where Defendant will not be housed.

Under controlling Eighth Circuit caselaw a defendant does not have a right to present unsworn allocution during a capital sentencing trial. *See United States v. Purkey*, 428 F.3d 738, 761 (8th Cir. 2005); *Coonce*, No. 10-3029-02-CR-S-GAF, ECF No. 583. It is also improper to inform the jury of the consequences of a non-unanimous verdict on sentencing. *See Jones v. United States*, 527 U.S. 373, 382 (1999). And evidence or argument concerning the housing of third-party inmates, or the housing conditions at facilities where Defendant will not be housed

---

[1] As defense counsel observed in another filing: "Innocence is not going to be an issue for [the jury] to consider or worry about;" "there will be no doubt of Mr. Jones' guilt in the killing of Mr. Baker in this case;" "there will be no doubt of Mr. Jones' guilt in this case." Def.'s Additional Suggestions and Resp. to Gov't.'s Non-Stipulated Strikes for Cause, at 4, 5, 7 (Doc. 376).

because of his need for long-term dialysis, is not relevant to a mitigating factor. Accordingly, the motion is GRANTED.

**IT IS SO ORDERED.**

Date:  September 15, 2017           /s/ Greg Kays
                                                      GREG KAYS, CHIEF JUDGE
                                                      UNITED STATES DISTRICT COURT