IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:10-CR-03090-DGK |
| | ) | |
| ULYSSES JONES, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANT'S MOTIONS IN LIMINE CONCERNING AGGRAVATING FACTORS

Pending before the Court are two defense motions in limine: a motion to adopt a heightened standard of evidence on the Government's penalty phase evidence, exclude certain evidence related to aggravating factors, and conduct a hearing outside the jury's presence on this evidence (Doc. 346),[1] and a second, more specific motion to apply a heightened standard of evidence, exclude certain evidence regarding aggravating factors, and conduct a hearing (Doc. 392).[2] The Court has read and considered the motions. They are DENIED.

**IT IS SO ORDERED.**

Date:  September 25, 2017             /s/ Greg Kays
                                       GREG KAYS, CHIEF JUDGE
                                       UNITED STATES DISTRICT COURT

---

[1] The entire caption reads "Defendant's Motion *In Limine* to: (A) Adopt a Heightened Standard of Reliability in Excluding Government Offers of Evidence in the Penalty Phase, (B) Exclude Certain Evidence of Aggravating Factors in the Penalty Phase Including Evidence of Future Dangerousness for the Reason That Such Evidence Is Irrelevant, Is Remote in Time, is More Prejudicial Than Probative, Exceeds the Limits of Permitted Victim Impact Testimony, and Does Not Comply with the Standards of Admissibility Set Forth in *Crawford v. Washington*, and (C) Conduct a Hearing Outside the Presence of the Jury to Make Initial Determinations of Reliability and Prejudice."

[2] The entire caption reads "Defendant Ulysses Jones *Second* Motion *In Limine* to: Exclude Certain Evidence of Aggravating Factors in the Penalty Phase Including Evidence of Future Dangerousness for the Reason that Such Evidence is Irrelevant, is Remote in Time, Is More Prejudicial Than Probative, and Does Not Comply with the Standards of Admissibility Set Forth in *Crawford v. Washington*, and Further to Conduct a Hearing Outside the Presence of the Jury to Make Initial Determinations of Reliability, Prejudice and Defendant Jones' Right to Confront and Cross-Examine Those Offering Evidence Against Him."